IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00418-BNB

DAMON A. WILLIAMS,

    Applicant,

v.

DEPARTMENT OF CORRECTIONS WARDEN GARY WATSON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 1 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant Damon A. Williams is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Williams has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1994 & Supp. 2005). The Court must construe the application liberally because Mr. Williams is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Williams will be ordered to file an amended application.

Mr. Williams has used the Court-approved form for filing an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, it appears to the Court that Mr. Williams is challenging both the validity of his convictions and sentences, which is the purpose of a § 2254 action, and the execution of those sentences, which is the purpose

of a 28 U.S.C. § 2241 (1994) action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Mr. Williams challenges the imposition of mandatory parole as part of one sentence he received and discretionary parole as part of a second sentence of equal length he also received. He specifically contends that he should have received discretionary parole for both sentences. He also challenges the calculation of the time he must serve following the revocation of his parole. To the extent Mr. Williams challenges the imposition of both mandatory and discretionary parole as part of his sentences, he is challenging his convictions and sentences, and he may do so in the instant § 2254 action after exhaustion of state remedies. To the extent Mr. Williams challenges the calculation of the time he must serve following the revocation of his parole, he is challenging the execution of his sentence, and he may do so by filing a separate habeas corpus action pursuant to § 2241.

In the amended application he will be directed to file, Mr. Williams must assert claims appropriately raised in a 28 U.S.C. § 2254 action. He also must demonstrate that he has exhausted state remedies as to each asserted claim or that no adequate state remedies are available or effective to protect his rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A

2

state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See *Miranda v. Cooper*,** 967 F.2d 392, 398 (10th Cir. 1992). Accordingly, it is

ORDERED that Mr. Williams file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with the directives in this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Williams, together with a copy of this order, one copy of the following form for use in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the amended application shall be titled "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589, **within thirty (30) days from the date of this order.** It is

FURTHER ORDERED that if Mr. Williams fails to file an amended application as directed **within thirty (30) days from the date of this order**, the application will be denied and the action dismissed without further notice.

DATED April 11, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00418-BNB

Damon A. Williams
Prisoner No. 111784
Fremont Correctional Facility
PO Box 999
Canon City, CO 81215- 0999

   I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 4/11/06

                                        GREGORY C. LANGHAM, CLERK

                                        By _____
                                                 Deputy Clerk